IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | |
| ) | |
| DELORIS ASKINS BLACKBURN ) | 5:98-CR-0362-LSC-PWG |
| ) | |
| ) | |

**MEMORANDUM OF OPINION REGARDING ORDER
GRANTING MOTION TO REDUCE TERM OF IMPRISONMENT**

The movant, acting pro se, filed the above-styled motion, commonly referred to as an 18 U.S.C. § 3582 motion, on November 5, 2007, requesting that this court modify or reduce her sentence based on two amendments[1] to the Sentencing Guidelines which became effective on November 1, 2007. The court focuses only on that portion of her motion regarding Amendment # 706 (hereinafter referred to as "the crack amendment").

In the government's response to the movant's § 3582 motion, it states that her motion was filed prematurely and was thus meritless. Since the time this pro se movant filed her motion, however, the U.S.S.C. has made the crack amendment (the movant's motion refers to it as "Amendment 9") retroactive through the adoption of Amendment 711.

---

[1] The movant's motion as it pertains only to the criminal history computation amendment to which she refers as "Amendment 12," but which was Amendment 709 in the November 1, 2007, Supplement to Appendix C, is **DENIED**. As will be discussed in more depth below, the amendments to the Sentencing Guidelines which are made retroactive can be found at U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement). Amendment 709 was not made retroactive in the November 1, 2007, Guidelines Manual. Nor has it been made retroactive by subsequent action of the U.S. Sentencing Commission (hereinafter the U.S.S.C.).

1

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, number 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[2] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became March 3, 2008. The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement"). As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #200) of Deloris Askins Blackburn to modify her term of imprisonment under 18 U.S.C. § 3582(c)(2). The motion seeks the benefit of the crack amendment and the amended policy statement. As stated, although movant filed her motion before the March 3, 2008, effective date of the revised Policy Statement § 1B1.10, the court now views the motion as timely filed and concludes that it has

---

[2] At this point, the crack amendment had no retroactive application.

jurisdiction to determine the motion.

The focus of the § 3582(c)(2) motion is the 168 month sentences imposed upon movant under Counts 1, 2, 3, 4, 5, and 6. This defendant was found guilty of these charges following a trial by jury and was sentenced by The Honorable Edwin L. Nelson, now deceased, on June 2, 1999. The case was reassigned on February 17, 2005, to this court. At the time the defendant was sentenced, she was attributed with offenses involving 56.389 grams of crack cocaine.

The following chart sets forth the application of the crack amendment to the instant case:

|  | **Original Sentence** | **Retroactive Sentence Adjustment** |
|---|---|---|
| **Total Offense Level** | 32 | 30 |
| **Criminal History Category** | IV | IV |
| **Imprisonment Range** | 168 - 210 months | 135 - 168 months |
| **Departure** | N/A | N/A |
| **Sentence Imposed** | 168 months each count concurrent | |
| **Rule 35(b)/Remand** | N/A | |
| **Designated Institution** | Carswell FMC | |
| **Institutional Adjustment** | **Completed 40-hour drug program, participates in Inmate Financial Responsibility Program, has positive work history, has participated in release preparation programs** | |
| **Projected Release Date** | 5-17-2011 | **Approximately 9-17-2008** |

A review of the sentencing issues now confronting this court includes, but is not limited to, the following:

1. the movant was originally sentenced to the bottom of the correctly-computed guidelines range - 168 months in each count to be served concurrently;

2. as computed in accordance with the amended guideline, the bottom of the range is 135 months;

3. this creates a 33-month difference in the bottom of the two ranges;

4. deferring to the Bureau of Prisons Designation and Computation Center, this court believes that by granting the movant's motion for a reduction in her sentence, the movant's projected release date could be in 2008, thereby creating some urgency in this court's actions as well as those of the BOP; and

5. Neither BOP records pertaining to the movant's institutional adjustment nor the content of her criminal history as reflected in the presentence report indicate that there are public safety issues raised by her release at an earlier date.

Pursuant to U.S.S.G § 1B1.10 (b)[3], this court finds that the movant is eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and concludes that the crack amendment applies to the circumstances of the movant. Furthermore, this court concludes that the movant would have been sentenced at the low end of the offense level had the crack amendment been in effect at that time.

Therefore, in light of these considerations and after considering the

---

[3] U.S.S.G § 1B1.10(b) reads as follows: In determining whether and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment it would have imposed had the amendment(s) to the guidelines...been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

factors set forth in 18 U.S.C. § 3553(a), this court hereby orders that the sentences in each of counts 1, 2, 3, 4, 5, and 6 are reduced to a term of 135 months under each count to run concurrently.

Done this 22nd day of April 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124019

NOTICE CONCERNING APPEALS

A § 3582(c) motion is considered a continuation of the criminal proceeding. A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed. See *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P.* 4(b)(1)(A)(i). If the movant was represented by appointed counsel in the Northern District of Alabama at trial or on appeal, movant will not be required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. That status will be granted for appeal purposes. If movant was represented by counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when a notice of appeal from the denial of the § 3582(c)(2) motion is filed. The Clerk is DIRECTED to provide the movant with an application to proceed *in forma pauperis*.